**Willie Lee JAMES, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Respondent-Appellee.**

No. 79-3312
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Feb. 12, 1981.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Willie Lee James was convicted of sexual battery in Florida state court. During James' jury trial, Joy C. Farley testified that, while she was walking alone on the evening of May 25, 1977, a man approached her, placed a knife to her throat, forced her to walk to a group of bushes near a creek, then sexually molested her. Farley identified James as her assailant. The jury found James guilty, as charged, and he was sentenced to life imprisonment. After unsuccessfully appealing his conviction in state court, James filed a petition for habeas corpus in federal court arguing that the finding of guilt was not supported by sufficient evidence. The district court dismissed his petition and James appeals.

James contends that, because his features do not correspond to Farley's original description of her attacker, his identity was never sufficiently established. He admits that Farley positively identified him several times at trial. Using the standard enunciated in *Talavera v. Wainwright,* 547 F.2d

1238 (5th Cir. 1977), the district judge sustained the conviction because he found that it was supported by some credible evidence. The district judge's conclusion was clearly correct under the *Talavera* test. In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), however, the Supreme Court rejected that test and established,

> Instead the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.* at 319, 99 S.Ct. at 2789 (emphasis in original). This court recently held that we must apply the *Jackson* standard retroactively. *Holloway v. McElroy*, 632 F.2d 605, 638 (5th Cir. 1980).

Because the district court made no findings under the controlling standard, it is necessary that we vacate its order dismissing the petition and remand for further proceedings including additional findings applying the *Jackson* standard.

VACATED and REMANDED.